IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO ORTIZ PÉREZ, ET. AL., | |
| Plaintiffs, | |
| v. | CIV. NO.: 25-1423 (SCC) |
| SIG SAUER INC., ET. AL., | |
| Defendants. | |

**OPINION AND ORDER**

Pending before the Court is Defendant Sig Sauer Inc.'s ("Defendant Sig") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"). *See* Docket No. 8. Specifically, Defendant Sig asserts that Plaintiffs' claims are time-barred under the applicable statute of limitations.[1] *Id.* at pg. 2. Plaintiffs Ricardo Ortiz Pérez, Johanna Jerez Pérez, and Natalie Ortiz Jerez (collectively, the "Plaintiffs") opposed the request. *See* Docket No. 14.

---

[1] Defendant Sig does not seek judgment against Plaintiff Natalie Ortiz Jerez, as "the one (1) year statute of limitations for her to assert her claims has not yet started to run assuming that she is in fact a minor." Docket No. 8, pg. 2; *see also* Docket No. 1, pg. 3 ("Co-Plaintiff[], Natalie Ortiz Jerez, daughter of [Plaintiff Ortiz] and [Plaintiff Jerez], who reside[s] with them, and is 15 years old and who is [a] minor and hereby represented by h[er] father and mother."). The Court finds this appropriate, as Puerto Rico law provides that the "statute of limitations governing both personal and inherited tort actions by minors are suspended until the minor becomes of legal age." *Morales-Melecio v. United States (Dep't of Health & Hum. Servs.)*, 890 F.3d 361, 365 n.9 (1st Cir. 2018) (citing *De Jesús v. Chardón*, 16 P.R. Offic. Trans. 290, 308–09 (1985)).

ORTIZ PÉREZ, ET. AL. v.                                                                                     Page 2
SIG SAUER INC., ET. AL.

Thereafter, Defendant Sig filed a reply, *see* Docket No. 18, and Plaintiffs filed a surreply, *see* Docket No. 22.[2]  For the reasons set forth below, the request is **GRANTED**.

## I.  STANDARD OF REVIEW

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56.  An issue is "genuine" if "a reasonable jury could resolve the point in favor of the nonmoving party." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995).  A fact is "material" if "its existence or nonexistence has the potential to change the outcome of the suit." *Borges ex rel. S.M.B.W. v. Serrano–Isern*, 605 F.3d 1, 5 (1st Cir. 2010).  Once the movant makes this showing, the burden shifts to the nonmovant who must "produce specific facts, in

---

[2] After Plaintiffs' surreply was filed, Defendant Sig filed an informative motion identifying an additional source of legal support.  *See* Docket No. 23.

suitable evidentiary form, to establish the presence of a trialworthy [dispute]." *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.,* 200 F.3d 1, 2 (1st Cir. 1999)). The Court must examine the record in the light most favorable to the nonmovant and construe all reasonable inferences in their favor. *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994).

## II. THE UNDISPUTED FACTS

In order to make its factual findings, the Court considered: Defendant Sig's Statement of Material Facts ("Sig's SMF") at Docket No. 9; Plaintiffs' Opposing Statement of Material Facts ("Plaintiffs' Opposing SMF") at Docket No. 15; Plaintiffs' Statement of Additional Facts ("Plaintiffs' Additional SF"), also at Docket No. 15; and Defendant Sig's Reply Statement of Material Facts ("Sig's Reply SMF") at Docket No. 19. The Court also considered, in tandem, the documentation cited in accordance with Local Rule 56(e).

After examining the aforementioned, and having disregarded legal arguments and conclusory statements, the Court finds that the following facts are undisputed:

1. On December 23, 2022, Plaintiff Ricardo Ortiz Pérez ("Plaintiff Ortiz") was injured when his Puerto Rico Police Department ("PRPD")-issued pistol discharged without the trigger being pulled. Sig's SMF ¶ 1.

2. Plaintiff Ortiz's PRPD-issued pistol was a Sig Sauer

P320 pistol (the "Subject Pistol").  Sig's SMF ¶ 1. Following the incident, the pistol was seized by the PRPD.  Sig's SMF ¶ 3.

3. Plaintiff Ortiz sought medical attention and was hospitalized because of the incident.  Sig's SMF ¶ 2.

4. Since December 23, 2022, Plaintiff Ortiz had knowledge of the harm caused by the incident, that the damage was caused by the Subject Pistol, and that the Subject Pistol was manufactured by Defendant Sig. Sig's SMF ¶¶ 2, 4.

5. After the incident, the PRPD issued a Preliminary Notice of Use of Force Incident report.  Sig's SMF ¶ 6; *see also* Docket No. 9-1, pg. 1.  In the Use of Force report, the Subject Pistol was identified as a Sig Sauer P320 pistol.  Sig's SMF ¶ 7.

6. Thereafter, on April 21, 2023, the PRPD issued an Investigation Report.  Sig's SMF ¶ 8; *see also* Docket No. 9-1, pg. 2.  The Investigation Report states that Plaintiff "Ortiz was carrying his service weapon in its holster around his waist, where he alleges that it discharged due to a mechanical failure, since he did not manipulate it."  Sig's SMF ¶ 8.

7. On December 21, 2023, Plaintiff Ortiz, by and through his attorney, José Vladimir Díaz-Tejera, sent a claim letter to Defendant Sig.  Sig's SMF ¶ 9.

8. No similar claim letter was sent on behalf of Plaintiff Johanna Jerez Reyes.  Sig's SMF ¶ 10.

9. Plaintiff Ortiz's claim letter referenced the December 23, 2022 incident, identified Defendant Sig, alleged that the Subject Pistol suffered from a "manufacturing and/or defective design," and stated that the letter was being sent with the "purpose of interrupting any statute of limitations."  Sig's SMF ¶ 11.

10. On August 8, 2025, Plaintiffs filed the instant lawsuit. Sig's SMF ¶ 15; *see also* Docket No. 1.  Accordingly, the lawsuit was filed thirty-one months after the alleged incident, and nineteen months after the claim letter was sent to Defendant Sig.  Sig's SMF ¶¶ 16, 17.

### III. ANALYSIS

Defendant Sig challenges the timeliness of the institution of Plaintiffs' action before this Court.  Docket No. 8, pg. 2.  Plaintiffs assert claims for strict liability, breach of implied warranty of merchantability, breach of express warranty, infliction of emotional distress, punitive damages, and attorney's fees pursuant to the Puerto Rico Civil Code of 2020.  Docket No. 1, pgs. 6–33.  Thus, the statute of limitations for Plaintiffs claims is Puerto Rico's one-year period applicable to tort claims. *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 215 (1st Cir. 2016).  A claim filed after that period is "barred, regardless of its merit."  *Id.*

The one-year clock begins once the "the aggrieved person had knowledge of the existence of her claim." *Id.* There are two forms of knowledge which can start the clock: actual knowledge and deemed knowledge. *Hamdallah v. CPC Carolina PR, LLC*, 91 F.4th 1, 22 (1st Cir. 2024). Actual knowledge exists once "a plaintiff is aware of all the necessary facts and the existence of a likelihood of a legal cause of action." *Calderón-Amézquita v. Rivera-Cruz*, 158 F.4th 54, 63 (1st Cir. 2025) (quoting *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014)); *see also Rivera-Carrasquillo*, 812 F.3d at 215 ("To have 'knowledge' that she has a claim—thereby triggering the countdown—a person needs to be aware not only that she has been injured, she also needs to know who is (or may be) responsible for that injury."). Deemed knowledge, in contrast, is "an objective inquiry where the plaintiff, while not having actual knowledge, is deemed to be on notice of her cause of action if she is aware of certain facts that, with the exercise of due diligence, should lead her to acquire actual knowledge of her cause of action." *Alejandro-Ortiz*, 756 F.3d at 27. Phrased another way, "the one-year statute of limitations begins to run 'when the injured party *knew or should have known* of the injury and of the likely identity of the tortfeasor.'" *Hamdallah*, 91 F.4th at 23 (quoting *Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de Puerto Rico, Inc.*, 142 F.3d 1, 3 (1st Cir. 1998)).

Normally "the burden of a statute-of-limitations defense lies with the defendant." *Id.* (citing *Rivera-Carrasquillo*, 812 F.3d at 216). However, in a case where the plaintiff sues more than one year after the date of injury, as here, the burden instead falls on the plaintiff. *Id.* Thus, the "plaintiff [must] demonstrate one of two things in order to overcome that statute of limitations bar: (1) that they 'lacked the requisite knowledge at the relevant times,' [] or (2) that they interrupted the prescription period." *Calderón-Amézquita*, 158 F.4th at 63 (quoting *Tokyo Marine*, 142 F.3d at 4). As for the latter, "Puerto Rico statutory law provides three principal ways to do so: (a) by the institution of an action before the courts; (b) by extrajudicial claim of the creditor; and (c) by any act of acknowledgment of the debt by the debtor." *Id.* at 63–64.

In an attempt to defeat Defendant Sig's motion for summary judgment, Plaintiffs challenge the knowledge element and, alternatively, contend that the lasting harm experienced from the incident tolled the applicable statutory limitation period. Docket No. 14, pgs. 7–9. As to the former, Plaintiffs posit that, on the date of the incident, they were confused as to the cause of the injury because unintentional discharge can occur for numerous reasons. Docket No. 22, pg. 3 ("Plaintiffs were confused about the cause of the discharge motivating them to ponder on its origin and the fact that an

unintentional discharge can happen for several reasons, such as human error and/or improper handling, improper storage, environmental factors, and/or mechanical reasons."). Due to their uncertainty, Plaintiffs were unable to identify the culpable tortfeasor until they "recognized and confirmed" the claims through the subsequent banning of the Subject Pistol in "diverse[] States, Federal and State Agencies," and their review of an unidentified expert report verifying the Subject Pistol's design defects. Docket No. 1, pg. 2.

It is undisputed that Plaintiff Ortiz's injuries occurred on December 23, 2022, as a result of the unintentional discharge of the Subject Pistol. Plaintiffs' Opposing SMF ¶ 1. Likewise, it is undisputed that Plaintiffs had knowledge of Plaintiff Ortiz's injuries and Defendant Sig's existence on that date. *Id.* ¶ 4. Although Plaintiffs contend that the cause of the unintentional discharge was uncertain, and in turn, the identity of the tortfeasor, the Court doubts the authenticity of this representation, especially given Plaintiff Ortiz's allegations in the Investigation Report. *See* Docket No. 9-1, pg. 5 ("[Plaintiff] Ortiz had his service weapon in its holster, which he was wearing at his waist, where he alleges that it went off due to a mechanical malfunction, since he did not manipulate it."). However, even if one were to assume, *arguendo*, that Plaintiffs were genuinely unaware of the culpable party, that was clearly not the case after the claim

letter explicitly identifying Defendant Sig was mailed.[3]  *See* Docket No. 9-2, pgs. 1–2 ("This letter has the purpose of interrupting any statute of limitations established for this claim…[Defendant] Sig Sauer, Inc. is strictly liable for the damages suffered by [Plaintiff] Ortiz due to the manufacturing and/or defective design of the P320 pistol.").

Accordingly, after examining the record in the light most favorable to Plaintiffs, as required, *Maldonado-Denis*, 23 F.3d at 581, the Court understands that Plaintiffs knew of the injury and identity of the culpable party on the date of the incident, that is, December 23, 2022.  *Rivera*, 812 F.3d at 215. As such, the limitations period expired one year later, on December 23, 2023.  *Id.*  Moreover, even if Plaintiffs genuinely had doubts as to Defendant Sig's identity, the Court still finds that they "knew or should have known of the injury and of the likely identity of the tortfeasor" by December 21, 2023, the date of the transmittal of the claim letter.  *Hamdallah*, 91 F.4th at 23.  Thus, at the absolute latest, Plaintiffs were obligated to file their lawsuit by December 21, 2024.  In either case, Plaintiffs' claims are clearly time-barred since the lawsuit was not filed until August 8, 2025.

---

[3] As a reminder, the claim letter was sent exclusively on behalf of Plaintiff Ortiz.  *See* Docket No. 9-2.  Accordingly, any effect it has on the statute of limitations period is not imputed on Plaintiff Jerez.

As a final saving grace, Plaintiffs advance a theory of "continuing damages" to toll the one-year statute of limitations. Docket No. 14, pg. 8. Specifically, they assert that the damages caused by the incident were "continuous in nature" given that the unintentional discharge "left a bullet in [Plaintiff] Ortiz['s] body that remained in it until October 11, 2025," the date of its surgical extraction. *Id*. Since the "damages sustained were uninterrupted until the extraction of [the] bullet," the statute of limitations did not begin to run until "the total verification of the damage occurred [on] October 11, 2025," making the lawsuit's August 8, 2025 commencement timely. *Id.* at pgs. 8–9. The Court finds this argument unavailing. Under Puerto Rico law, "a continuous tort arises from ongoing unlawful conduct, rather than a continuing harmful effect." *Torres v. Hosp. San Cristobal*, 831 F.Supp.2d 540, 544 (D.P.R. 2011). Accordingly, for the statute of limitations to be tolled in the manner that Plaintiffs wish, "a defendant must engage in continuous negligent conduct that causes further harm to the plaintiff." *Id.* (citing *M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc.* 31 F.Supp.2d 226, 240 (D.P.R. 1998)). Unfortunately for Plaintiffs, the Court does not identify any allegations or disputed facts involving ongoing tortious conduct on the part of Defendant Sig. Rather, the alleged damages reflect the continued effects of the December 23, 2022 incident. As such, Plaintiffs'

continuing damages theory fails to toll the applicable one-year statute of limitations.

In sum, after examining all the arguments, the parties' proposed material facts, and viewing the record in the light most favorable to Plaintiffs, the nonmoving party, the Court finds that their claims are time-barred.[4]   Accordingly, summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 322; *see* Fed. R. Civ. P. 56.

## IV. CONCLUSION

In view of the above, Defendant Sig's Motion for Summary Judgment is **GRANTED**, and the case is **DISMISSED** as to Plaintiff Ortiz and Plaintiff Jerez. Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of June 2026.


S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[4] To reiterate, this conclusion applies exclusively to Plaintiff Ortiz and Plaintiff Jerez, since Plaintiff Natalie Ortiz Jerez is a minor. *See* Docket No. 1, pg. 3; *see also Morales-Melecio*, 890 F.3d at 365 n.9.